UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**RODGER A. PORTER**                                       Civil No. 06-2143
                                                                                                   (JRT/SRN)

     **Petitioner,**

     v.                                                      **REPORT AND**
                                                                             **RECOMMENDATION**

**R.L. MORRISON, Warden**

     **Respondent.**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(iii)(2).

**I.  BACKGROUND**

Petitioner is now a federal prisoner incarcerated at the Bureau of Prisons ("BOP") Federal Prison Camp ("FPC") in Duluth, Minnesota. (Doc. No. 1). Petitioner's projected release date is April 15, 2008. (Govt's Resp. at 3.)

On May 26, 2006, Petitioner applied to the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)  The Court ordered the United States to show cause why the writ should not be granted (Doc. No. 4), and the United States filed its return on June 26, 2006 (Doc. No. 4), to which the Petitioner filed a Reply. (Doc. No. 6.)

Petitioner challenges the BOP's former policy found at 28 C.F.R. §§ 570.20 and 570.21.

Based on the former policy, he seeks immediate evaluation for placement in a Residential Reentry Center ("RRC").[1]

In light of the Eighth Circuit's decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), which invalidated sections 570.20 and 570.21, Respondent has changed its policy regarding RRC placement. (Govt.'s Resp. at 2.) Respondent states that the BOP now adheres to its pre-2002 guidelines as set forth in Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures, December 16, 1998. Id. This policy allows for direct commitment to an RRC and does not limit RRC placement to six months or ten percent of the sentence, whichever is less. Under the policy, the determination of when an inmate is to be transferred to an RRC is based on a number of individualized factors. E.g., id. at 7-8. The policy allows for RRC placement for more than six months, although such cases will be considered "highly unusual," requiring extraordinary justification. Id. at 8. Respondent states that the BOP now considers prisoner placement in an RRC, consistent with 18 U.S.C. § 3621(b), upon their initial placement in confinement and again approximately "11 to 13 months before the inmate's projected release date." Id. at 7.

## II.     DISCUSSION

Petitioner apparently challenges the validity of the BOP Program Statement 7310.04, claiming it is superseded by § 3621(b). Under Program Statement 7310.04, and in light of Fults, RRC placement is conducted 11 to 13 months prior to an inmate's release. While that is the ordinary procedure, the BOP is not prohibited from conducting an earlier review in exceptional circumstances.

---

[1]Residential Reentry Centers were previously known as Community Confinement Centers ("CCCs") and are commonly referred to as halfway houses.

In addition, Program Statement 7210.04 does not undermine the authority of § 3621(b) and provides for individualized RRC placement decisions.  See PS 7310.04 at 7-8.  A categorical exercise of discretion by the BOP is permissible where a statutory scheme requires individualized determination.  See Lopez v. Davis, 531 U.S. 230, 243-44 (2001).

Contrary to his assertions, Petitioner is therefore not entitled to early placement in an RRC, nor is he entitled to immediate placement in an RRC, or home confinement, as his projected release date is April 15, 2010.  There is no authority for the proposition that an inmate must be considered for a transfer to an RRC any time the inmates makes such a request.

Finally, Petitioner states that other courts examining the validity of Sections 570.20 and 570.21 have waived the exhaustion requirement on grounds of futility.  This argument is inapplicable here, because the BOP has its new policy, as set forth in Program Statement 7310.04.  Petitioner must follow the BOP's three-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his or her confinement.  See 28 C.F.R. § 542.   Thus, Petitioner must first receive a determination, then exhaust his administrative remedies.

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED AS MOOT**, in light of the BOP's policy change of assigning prisoners to CCCs without regard to 28 C.F.R. §§ 570.20 and 570.21; and **DENIED**, in part, to the extent that it seeks immediate transfer to a CCC.

2. Petitioner's petition be dismissed.

Dated: September 14, 2006

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Pursuant to D. Minn. L.R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 3, 2006 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.